STATE OF NORTH CAROLINA v. RUDOLPH JOHNSON

No. 7226SC267

(Filed 26 April 1972)

1. Criminal Law § 155.5— failure to docket record on appeal in apt time

Appeal is subject to dismissal where the record on appeal was not docketed within ninety days after the date of the order appealed from. Court of Appeals Rule 48.

2. Criminal Law § 145.1— revocation of probation

The trial court did not err in finding from the evidence that defendant had wilfully violated the terms of probation judgments and in ordering commitment to issue.

State v. Johnson

APPEAL by defendant from *Crissman, Judge,* 11 October 1971 Schedule "A" Criminal Session of Superior Court held in MECKLENBURG County.

The defendant was charged with the violation of the terms of a probation judgment, imposed upon him after he had freely, understandingly and voluntarily pleaded guilty to the felony of breaking and entering in 1967 and to the felony of larceny in 1970. In each case he was given a suspended prison sentence and placed on probation for a period of five years.

After due and proper notice, a hearing was held to determine whether the defendant had wilfully violated the terms of the probation judgments. At this hearing Judge Crissman found that the defendant had wilfully violated the terms of the judgments, entered an order revoking the probation judgments and ordered commitment to issue.

The defendant appealed to the Court of Appeals.

*Attorney General Morgan and Deputy Attorney General Vanore for the State.*

*Edmund A. Liles for defendant appellant.*

MALLARD, Chief. Judge.

[1]   On 14 October 1971 Judge Crissman signed orders revoking the suspension of the sentences and ordered commitment to issue. Under Rule 5 of the Rules of Practice in the Court of Appeals, the record on appeal is required to be docketed within ninety days after the date of the order appealed from. This appeal was not docketed in the Court of Appeals until 3 February 1972, which was more than ninety days after the date of the order appealed from, and is therefore subject to dismissal under Rule 48.

[2]   However, we have carefully considered the record and defendant's assignments of error. The trial judge did not commit error in finding from the evidence offered that the defendant had wilfully violated the terms of the probation judgments suspending the sentences imposed on him. The judgment and order of the court ordering commitment to issue in each case are affirmed.

Affirmed.

Judges MORRIS and PARKER concur.